

# MIRANDA SLONE SKLARIN VERVENIOTIS LLP

MICHAEL A. MIRANDA*
STEVEN VERVENIOTIS
ONDINE SLONE
RICHARD S. SKLARIN°
MAURIZIO SAVOIARDO
ANDREW B. KAUFMAN±
LAWRENCE S. WASSERMAN*
_____

SENIOR COUNSEL
LOUISE FASANO
NANCY R. SCHEMBRI°

WRITER'S DIRECT DIAL:
(516) 741-7755

WRITER'S E-MAIL:
MMIRANDA@MSSSV.COM

THE ESPOSITO BUILDING
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
TEL   (516) 741-7676
FAX   (516) 741-9060

WWW.MSSSV.COM

BRANCH OFFICES:
WESTCHESTER, NY
NEW YORK, NY
CLARK, NJ

ANNE P. EDELMAN
GABRIELLA CAMPIGLIA
RICHARD B. EPSTEIN
ABRAHAM WARMBRAND
LAURA ALTO
CHRISTOPHER J. LAMPERT*
BRANDON H. DORMAN
JAMES KIMMEL°
MICHAEL R. SEIDON

*ALSO ADMITTED IN NEW JERSEY
□ALSO ADMITTED IN FLORIDA
±ALSO ADMITTED IN DISTRICT OF COLUMBIA
° RESIDENT IN WESTCHESTER

June 17, 2022

**DRAFT**

**VIA ECF AND ELECTRONIC MAIL**
Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

>Re:  *Evelina Calcano v. National Amusements, Inc.*
>Docket No. 19-CV-11428 (RA)

Dear Judge Abrams:

Pursuant to your order, we set forth below the parties' respective positions on the impact of the Second Circuit's recent decision.

**PLAINTIFF'S POSITION**

We represent Plaintiff Evelina Calcano ("Plaintiff") in the above-referenced matter. Pursuant to the Court's order, we write jointly with counsel for Defendant National Amusements, Inc., ("Defendant") to inform the Court that on June 2, 2022, the Second Circuit issued a decision in the appeals consolidated under the caption *Calcano v. Swarovski North America Limited, et al*., Case No. 20-1552. Attached are copies of the majority and concurring opinions for the Court's reference. The majority affirmed that the Plaintiffs lacked Article III standing. Judge Lohier concurred on the grounds that he would have affirmed instead on the

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

---

HON. RONNIE ABRAMS
JUNE 17, 2022
PAGE 2 OF 4

basis that the plaintiffs failed to state a claim.[1] However, Judge Lohier expressed his opinion that three of four Plaintiffs did have Article III standing.

Plaintiffs respectfully request that they be permitted to file an Amended Complaint within 30 days from the date of this letter, which would add the factual representations that would comport with the requirements of standing expressed in the majority opinion. It should be noted that the majority opinion did not address the merits of the case beyond standing, and once remedied, the Plaintiffs believe that they will be successful on the merits of the case. The Concurring Opinion agrees with the Plaintiff's position that gift cards are not merely "goods" but also constitute a "service" and fall within the ambit of Title III protections. The filing of an Amended Complaint would not be prejudicial to Defendant and would avoid the drastic remedy sought by Defendant.

## **DEFENDANTS' POSITION**

Based upon the recent Calcano Second Circuit decision, we do not believe there is any basis for plaintiff to amend the complaint a second time, and we ask that the Court either rule on Defendant's pending stayed motion to dismiss or permit us to supplement same.  In the parties' joint July 13, 2020 letter, plaintiff admittedly requested that the Court stay the matter in order to allow the Second Circuit to rule on "the same issues at the core of the pending motion to dismiss." Dkt. 27 at p. 1.  The Circuit has now ruled and definitively foreclosed plaintiff's stated causes of action.  However, instead of withdrawing the action, plaintiff is attempting to use the Circuit's decision as a basis to amend the complaint again, which he cannot do as a matter of right.

A court may deny a motion for leave to amend the complaint where the request is made with "undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party." Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 174 (S.D.N.Y. 2014).  Here, each of those factors provides a basis to deny the request.

Plaintiff seeks to amend the complaint after a two (2) year delay that came at plaintiff's request.  On June 30, 2020, the Court advised the parties that the Court had ruled in two (2) similar cases that companies were not required to maintain Braille-embossed gift cards. Dkt. 25 at p. 2. The Court ordered the parties to submit a joint letter regarding their positions given the holdings in the similar cases.

Plaintiff then requested that the Court stay the proceedings pending the Circuit's decision in similar cases that were then before it.  Dkt. 27 at p. 1.  By requesting a stay on the basis that

---

[1] Both the majority decision and concurring opinion found that the District Courts properly decided not to exercise supplemental jurisdiction over the Plaintiffs-Appellants' state and local public accessibility law claims.

**MIRANDA SLONE SKLARIN VERVENIOTIS** LLP

HON. RONNIE ABRAMS
JUNE 17, 2022
PAGE 3 OF 4

the same "core issues" were going to be decided by the Second Circuit, plaintiff conceded that the outcome of the Circuit case would be dispositive as to the pending motion to dismiss at bar.

Notably, in making the application for a stay of proceedings, plaintiff indicated that granting the stay "would conserve judicial resources and permit this Court to proceed at a future date with the benefit of guidance from the Court of Appeals." Dkt. 27 at p. 7. Now that the Circuit has ruled against plaintiff's position, he no longer wants this Court to be guided by the Circuit, or to conserve judicial resources. Instead, plaintiff wants to essentially start the case anew by filing another amended complaint more than two and a half (2½) years after plaintiff commenced the action.

Moreover, at no time in 2020 did plaintiff indicate a desire to amend the complaint a second time. Rather, plaintiff opposed defendant's motion to dismiss. Nor did plaintiff seek to amend the complaint after multiple district judges (including Your Honor) found plaintiff's legal theory to be meritless. Rather, plaintiff asked this Court to delay resolution of this matter, until the Second Circuit could rule. Plaintiff has had two (2) years to ask the Court to lift the stay and allow him to amend the pleadings.

Given the above, it certainly appears that plaintiff's current request to amend the complaint a second time is being made after undue delay, and would prejudice the defendants who have been waiting two (2) years for resolution of a pending motion to dismiss. Moreover, any amendment would be futile given the majority and concurring opinions in Calcano v. Swarovski North America Limited, finding that plaintiffs lacked standing and also failed to state a claim.

We note that counsel for plaintiff has advised us that Judge Engelmayer granted leave to amend the complaint in response to the Circuit's decision in a different case, Sosa v. Recreational Equipment, Inc., 19-cv-10746. However, in that case, Judge Engelmayer issued a stay *sua sponte*, rather than being based on any representations made by the plaintiff. Here, on the other hand, plaintiff indicated to the Court and defendant that the Circuit's ruling would necessarily determine the outcome at bar.

Moreover, contrary to Judge Engelmayer's ruling, we note that Judge Brown in the Eastern District recently dismissed twenty (20) separate cases, including nearly identical cases brought by the same plaintiff as at bar, based on the Second Circuit's ruling without allowing for further amendment of the pleadings. See Ex. A.

In view of the foregoing, this Court should deny plaintiff's request and dismiss the case in accordance with the Second Circuit's decision or permit defendants to supplement its motion.

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

HON. RONNIE ABRAMS
JUNE 17, 2022
PAGE 4 OF 4

    Thank you for your attention to the foregoing.

                              Respectfully submitted,
                              **MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

                              */s/ Michael A. Miranda*

                              Michael A. Miranda
                              *Attorneys for Defendants*


                              Respectfully submitted,

                              */s/ Darryn G. Solotoff*
                              Darryn G. Solotoff, Esq
                              *Attorney for Plaintiff*


Plaintiff shall file an amended complaint by August 29, 2022, to the extent she has a good-faith basis to do so.  Two weeks after the filing of the amended complaint, Defendant shall either file an answer or file a motion to dismiss.  To the extent Defendant wishes to reiterate the arguments made in its now-moot June 2020 motion to dismiss for efficiency purposes, it may do so.

SO ORDERED.

_____
Hon. Ronnie Abrams
July 28, 2022